**STEW LEONARD'S, Petitioner–Appellant,**

v.

**Ann M. VENEMAN, United States Secretary of Agriculture, Respondent–Appellee.**

**Docket No. 01–6111.**

United States Court of Appeals, Second Circuit.

April 3, 2002.

James A. Wade; Jeffrey M. Thomen on brief, Robinson & Cole, LLP, Hartford, CT, for Appellant.

Douglas Hallward–Driemeier, Department of Justice, Civil Division, Appellate Staff, Washington, DC, for Appellee.

Present McLAUGHLIN, PARKER, and POOLER, Circuit Judges.

SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the decision of said district court be and it hereby is AFFIRMED.

Petitioner-appellant Stew Leonard's appeals from the decision of the United States District Court for the District of Connecticut (Thomas P. Smith, *Magistrate Judge*) affirming the determination of the Secretary of Agriculture that Stew Leonard's, a Connecticut milk handler and retailer, did not qualify as a "producer-handler" under the provisions of 7 C.F.R. § 1001.10 (1999) despite its entrance into a lease arrangement with a local milk producer.

After completing review pursuant to 7 U.S.C. § 608c(15)(A), the Secretary deter-

mined that Stew Leonard's was a "handler" as defined in 7 C.F.R. § 1001.9, not a "producer-handler" as defined in 7 C.F.R. § 1001.10. Specifically, the Secretary found Stew Leonard's was not a "dairy farmer" and did not provide "as [its] own enterprise and at [its] own risk, the maintenance, care, and management of the dairy herd or other resources and facilities used to produce milk" as required by the language of 7 C.F.R. § 1001.10.

The district court reviewed the Secretary's determinations under the deferential standard outlined in the Supreme Court's *Chevron USA, Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984) decision, finding the Secretary's narrow interpretation of the "producer-handler" definition consistent with both the purposes of the regulations and past interpretations thereof, and her application of the regulation to Stew Leonard's supported by substantial evidence. *See Stew Leonard's v. Glickman*, 199 F.R.D. 48, 55–56, 57–58 (D.Conn. 2001). The district court thus concluded that the Secretary's decision was not arbitrary and capricious, but rather "in accordance with the law," within the meaning of the Administrative Procedure Act, 5 U.S.C. § 706(2)(A) & (E). *Id.* at 60.

This Court notes that the evidence demonstrated no change in the daily operation of Oakridge Farm after the execution of the lease agreement and that Stew Leonard's admitted it did not know how to run a dairy farm. *Id.* at 57–58. As noted by the district court, these facts provide substantial evidentiary support for the Secretary's conclusion that Stew Leonard's was not a "dairy farmer" and did not "[p]rovide[ ] as [its] own enterprise and at [its] own risk the maintenance, care, and management of the dairy herd and other resources and facilities that are used to produce milk." *See* 7 C.F.R.

§ 1001.10(a)(1999). Bound by the constraints of deferential review, this Court affirms the district court's decision on the grounds that the Secretary's determination that Stew Leonard's did not fit the narrow definition of "producer-handler" was adequately supported.

This Court affirms the district court's grant of summary judgment on Stew Leonard's due process and equal protection claims for substantially the same reasons stated by the district court. *Stew Leonard's*, 199 F.R.D. at 60–61.

For the reasons set forth above, the judgment of the district court is AFFIRMED.